FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 30, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ARNULFO GOMEZ TEJEDA,<br><br>Defendant. | No. 4:13-CR-06012-EFS<br><br>**ORDER STRIKING MR. TEJEDA'S MOTION TO RECONSIDER AND MOTION TO APPOINT COUNSEL** |

Before the Court, without oral argument, are Defendant Arnulfo Gomez Tejeda's Motion for Reconsideration of the Court's order denying Defendant's second motion to reduce sentence, ECF No. 121, and Motion to Appoint Counsel, ECF No. 122. Defendant asks the Court to reconsider his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the United States Sentencing Guidelines (U.S.S.G.) Amendment 782, arguing he was sentenced under the Guidelines range and was not provided adequate time to submit a reply to the Government's response. *See* ECF No. 121. Defendant also asks the Court to appoint counsel for Defendant's appeal in the event this Court denies Defendant's Motion for Reconsideration. *See* ECF No. 122. Defendant however filed a Notice of Appeal with the Ninth Circuit on March 27, 2020, ECF No. 123, appealing the Court's denial of his second Motion to Reduce Sentence. ECF No. 119.

ORDER - 1

Because Defendant appealed the underlying order, the Court defers consideration of Defendant's Motion for Reconsideration and Motion for Appointment of Counsel until the Ninth Circuit rules on his appeal. A notice of appeal typically divests the court of jurisdiction. *See Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) ("In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal."). Federal Rule of Criminal Procedure 37 reinforces the general rule that a district court is divested of jurisdiction once an appeal has been filed:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Crim. P. 37(a).

The Court elects to defer considering the motion for reconsideration. It was this Court's ruling, ECF No. 119, that Defendant was ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2), and the Court finds no reason to depart from this ruling. As this Court's ruling on Defendant's second Motion to Reduce Sentence is now on appeal, the Court defers to the Ninth Circuit to address this issue before the Court addresses Defendant's motion for reconsideration and motion for appointment of counsel.

| | |
|---|---|
| 1 | Because the Court is unsure as to the length of time the appeal will take, the |
| 2 | Court strikes Defendant's motions so that they do not remain pending during the |
| 3 | entirety of the appellate process. As appropriate, Defendant may renew his |
| 4 | motions following the Ninth Circuit's decision on his appeal. In addition, to assist |
| 5 | with his appeal, Defendant may file a motion for appointment of counsel with the |
| 6 | Ninth Circuit. |

Accordingly, **IT IS HEREBY ORDERED**: Defendant's Motion for Reconsideration, **ECF No. 121**, and Motion to Appoint Counsel, **ECF No. 122**, are **STRICKEN**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to Defendant, counsel, and the Ninth Circuit.

**DATED** this __30th__ day of March 2020.

                         s/Edward F. Shea
                         EDWARD F. SHEA
                  Senior United States District Judge